| | |
|---|---|
| GONZALEZ-AMIN ET AL., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> BRIGHTWOOD HOSPITALITY, LLC, § <br> § <br> *Defendant.* § <br> § | Civil Action No.  SA-11-CV-11-XR |

**ORDER ON MOTION FOR REMAND**

On this day came on to be considered Plaintiffs' motion to remand (docket no. 3).

Plaintiffs seek a remand of this case arguing that they inadvertently referenced Title VII of the Civil Rights Act and the Texas Labor Code in their state court petition.  Plaintiffs further seek leave of court to amend their complaint and delete any reference to Title VII.  They argue that since the employer does not employ the requisite 15 employees, they cannot maintain a Title VII or TCHRA action and they desire only to pursue state causes of action for assault, battery, defamation, negligence, and intentional infliction of emotional distress.  Defendant argues that it properly removed the case and the motion to remand should be denied.

The Defendant is correct that it properly removed this case based upon the Plaintiffs' invocation of a federal question.  However, Plaintiffs seek leave of court to amend their complaint and delete any reference to Title VII.  That motion is granted inasmuch as Plaintiffs acknowledge that the requisite employee count cannot be reached.

The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive.  *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir.1999) (citations omitted).

28 U.S. C. § 1367 authorizes a court to decline supplemental jurisdiction over state law claims if: (1) the claims raise a novel or complex issue of state law; (2) the claims substantially predominate over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In this case the Court has now dismissed all claims over which it had original jurisdiction and no federal question remains.  This lawsuit was only recently removed (January 7, 2011), and this federal district court has not invested "a significant amount of judicial resources in the litigation."  Plaintiff's motion for remand is GRANTED.

It is so ORDERED.

SIGNED this 28th day of February, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE